UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHADD WOOD,

        Plaintiff,

 -v-                                                   No. 22-CV-6323-LTS-KHP

VIACOMCBS/PARAMOUNT,

        Defendant.

-------------------------------------------------------x

<u>ORDER ADOPTING REPORT & RECOMMENDATION</u>

Plaintiff Chadd Wood ("Plaintiff"), proceeding <u>pro se</u>, initiated this action on July 22, 2022, against his former employer, ViacomCBS/Paramount ("Defendant"), asserting various claims for discrimination stemming from Defendant's failure to grant Plaintiff an exemption from its COVID-19 vaccination policy. Pursuant to Federal Rule of Procedure 12(b)(6), Defendant has moved to dismiss Plaintiff's Amended Complaint (docket entry no. 21 ("Amend. Compl.")) for failure to state a claim upon which relief may be granted. (Docket entry no. 36 ("Motion to Dismiss").) Plaintiff subsequently moved to "challenge the constitutionality of [Equal Employment Opportunity Commission ('EEOC')] Procedure on [the Genetic Information Nondiscrimination Act ('GINA')]." (Docket entry no. 47 ("Plaintiff's Motion").)

On July 15, 2024, Magistrate Judge Katharine H. Parker issued a report and recommendation (docket entry no. 74 (the "Report")), recommending: (1) that Plaintiff's Amended Complaint be dismissed with prejudice except as to the claims under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), which Judge Parker recommended be

dismissed without prejudice, and that Plaintiff be granted leave to amend these claims; and (2) that Plaintiff's motion challenging the constitutionality of the EEOC be denied.  (See id.)

The Court has thoroughly reviewed the Report, Plaintiff's objections to the Report (docket entry no. 77 (the "Objections")),[1] and Defendant's response (docket entry no. 78 (the "Response")).  For the following reasons, the Court overrules Plaintiff's Objections and adopts the Report in its entirety.

## BACKGROUND

The factual background and relevant procedural history are set forth in the Report.  The Court adopts the factual recitation set forth in the Report and assumes familiarity with the facts stated therein.

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. § 636(b)(1)(C) (Westlaw through P.L. 118-80).  If a timely and "specific" objection is made, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations."  Id.; United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  The district may adopt those portions of the report and recommendation to which no objections have been made, provided that no clear error is apparent from the face of the record.  Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  By the same token, to the extent that a party makes only conclusory objections, or simply reiterates a prior argument, the Court reviews the report and recommendation strictly for clear

---

[1] Although the caption of Plaintiff's filing identifies it as a "Motion for Extension of Time," the filing contains no such extension request and instead sets forth Plaintiff's objections to the Report.  (See generally Objections.)

error.  Winder v. Berryhill, 369 F. Supp. 3d 450, 454 (E.D.N.Y. 2018) (gathering cases).  While "[o]bjections of pro se litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest[,] . . . even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument."  James v. Keyser, No. 20-CV-3468-JPC-SDA, 2023 WL 137618, at *2 (S.D.N.Y. Jan. 9, 2023) (citations omitted).

        Plaintiff raises three principal objections to the Report, asserting that: (1) the Report improperly relies on material from the Centers for Disease Control and Prevention ("CDC") (see Objections I-IV);[2] (2) Judge Parker "ignored the plaintiff's claim regarding contraindication and religious exemption" (Objection V); and (3) Judge Parker "erred in considering the plaintiff's claims to the [EEOC] as not being raised in a timely manner" (Objection VI).

        As to Plaintiff's first set of objections, Plaintiff contends that Judge Parker's citation to CDC material for the proposition that "Wood's allegation that the COVID-19 vaccines alter a person's genes is incorrect and contrary to established scientific consensus" constituted an improper "determination of a scientific nature."  (Objections at 1-6 (arguing, inter alia, that Judge Parker applied the incorrect standard in considering such material, failed to hold a hearing to "assess the reliability and relevance of expert witness testimony," and that Plaintiff should have been allowed the opportunity to respond or object prior to judicial notice); Report at 10.)  The Court notes that courts may, at any stage of the proceeding, take judicial notice of a

---

[2]     Objections I-IV are understood to concern this portion of the Report (Report at 10), in view of Plaintiff's arguments in the opening of his filing.  (See Objections at 1-3.)

fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201.

In any case, Judge Parker principally recommended that Plaintiff's claims under GINA be dismissed because—regardless of the veracity of Plaintiff's assertion that the COVID-19 vaccine alters a person's genetic information—the statute "plainly does not cover the claim as asserted by Plaintiff." (Report at 9-10 (explaining that GINA prohibits discrimination on the basis of "genetic information," and that Plaintiff's "assertion that the COVID-19 vaccine would alter his genetic information is not the type of claim recognized under GINA because it does not concern employer action based on his genetic information").) This recommended holding is consistent with the analyses of other courts that have addressed GINA claims by employees who were terminated for refusing to comply with COVID-19 vaccination policies, including courts in the Second Circuit. (See Report at 10 (gathering case law)); see also, e.g., Mercer v. ViacomCBS/Paramount, No. 22-CV-6322-LGS, 2024 WL 3553133, at *6 (S.D.N.Y. July 26, 2024); Vasquez v. City of New York, No. 22-CV-5068-HG-VMS, 2024 WL 1348702, at *4 n.8 (E.D.N.Y. Mar. 30, 2024), reconsideration denied by 2024 WL 1886656 (E.D.N.Y. Apr. 30, 2024). Upon de novo review, the Court concurs with Judge Parker's findings and conclusions regarding Plaintiff's claims under GINA. Plaintiff's first set of objections (Objections I-IV) is, accordingly, overruled.

Plaintiff next argues that the Report should be rejected because the "Court ignored the plaintiff's claim regarding contraindication and religious exemption." (Objections at 6-7.) Judge Parker did, however, address Plaintiff's claims on both such grounds. As to Plaintiff's claim concerning alleged contraindication, Judge Parker found that the "complaint contains no facts to support a plausible inference that Plaintiff's alleged allergy to the vaccine (if in fact he

has one) substantially limits his ability to work," and therefore recommended that the claim for disability discrimination under the ADA be dismissed.  (Report at 13 (finding, inter alia, that Plaintiff did not "identify the particular ingredient(s) of the COVID-19 vaccine to which he had an allergic 'contraindication' nor state that he had severe allergic reactions after receiving prior vaccines" (emphasis added)); see also id. at 13-15 (recommending dismissal of claim for failure to provide a reasonable accommodation under the ADA).)  As to Plaintiff's claims concerning Defendant's alleged improper denial of a religious accommodation, Judge Parker recommended that any claim for religious discrimination under Title VII be dismissed for failure to exhaust administrative remedies.  (Id. at 9.)

   Because Judge Parker found that the Complaint as pleaded lacks sufficient facts to support claims of religious or disability discrimination/failure to accommodate under the NYSHRL or NYCHRL, but that repleading viable claims was conceivable based on Plaintiff's briefing on the Motions, Judge Parker recommended Plaintiff be permitted leave to replead these claims.  (Id. at 15-16.)  Because the Court finds no clear error in Judge Parker's well-reasoned analysis, Objection V is overruled.

   As his sixth and final objection, Plaintiff appears to argue that Judge Parker improperly found his claims under the ADA to be unexhausted.  (See Objections at 8.)  However, Judge Parker addressed Plaintiff's claims under the ADA on the merits, having found that these claims could be considered exhausted and properly before the Court.  (Report at 8-9, 11-15.)  To the extent, however, that Plaintiff seeks to argue that his Title VII claims for religious discrimination should also have been considered as reasonably related to his EEOC charge and therefore properly exhausted, see Keyser, 2023 WL 137618, at *2 ("Objections of pro se litigants are . . . construed to raise the strongest arguments that they suggest."),

Plaintiff's objection simply reiterates Plaintiff's prior arguments without identifying specific objections to Judge Parker's findings of fact or application of law.[3]  (See docket entry no. 48 ¶¶ 161-70.)  The Court finds no clear error with respect to Judge Parker's treatment of Plaintiff's Title VII claims.  Plaintiff's sixth and final objection is therefore also overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled, and the Court adopts the thorough and well-reasoned Report in its entirety.  Defendant's motion to dismiss the Amended Complaint is granted, and Plaintiff's Amended Complaint is dismissed with prejudice, except as to the claims under the ADA, the NYSHRL, and the NYCHRL, which are dismissed without prejudice to the timely filing of a second amended complaint.  Plaintiff's motion to challenge the constitutionality of EEOC guidance is denied.

Plaintiff is granted leave to file a second amended complaint and to replead his claims under the ADA, the NYSHRL, and the NYCHRL, consistent with the standards and instructions set forth in the Report and this Order.  Plaintiff must file the second amended complaint within **60 days** of the date of this Order (i.e., by **November 22, 2024**), and caption the document as a "Second Amended Complaint."

The Court certifies under 28 U.S.C. section 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an

---

[3]  To the extent that Plaintiff also intended Objection III, "Judicial Notice of Extrinsic Evidence," to encompass Judge Parker's judicial notice of Plaintiff's EEOC charge in this case, Objection III is also overruled.  As noted by Judge Parker, a court may consider relevant EEOC filings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "because 'they are public documents' and are 'integral to Plaintiff's claims.'"  Kirkland-Hudson v. Mount Vernon City Sch. Dist, 665 F. Supp. 3d 412, 438 (S.D.N.Y. 2023) (citations omitted); (see also Report at 6-7, 9 (citations omitted).)  Upon de novo review, the Court concurs in Judge Parker's conclusion that consideration of Plaintiff's EEOC charge is proper in this case.

appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.  This case remains referred to Judge Parker for general pretrial management.

This Order resolves docket entry nos. 36, 47, and 77.

SO ORDERED.

Dated:  September 23, 2024
    New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge