UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHADD WOOD,

       Plaintiff,

  -v-                                                      No.  22-CV-6323-LTS-KHP

VIACOMCBS/PARAMOUNT,

       Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

Plaintiff Chadd Wood ("Plaintiff") brings this pro se action against ViacomCBS/Paramount ("Defendant" or "Viacom"), asserting various discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE § 8-101 et seq. Plaintiff also alleges violations of the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, Occupational Safety and Health Administration ("OSHA") guidelines, and Centers for Disease Control and Prevention ("CDC") guidelines. The Court has subject matter jurisdiction of this action under 28 U.S.C. sections 1331 and 1367.

Defendant has moved to dismiss Plaintiff's Second Amended Complaint (docket entry no. 82 ("SAC")) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket entry no. 87 (the "Motion").) The Court has reviewed the parties' submissions carefully and, for the following reasons, grants Defendant's Motion in its entirety.

BACKGROUND

General factual allegations underlying this matter are set forth in Magistrate Judge Katharine H. Parker's July 15, 2024, Report and Recommendation (docket entry no. 74 (the "Report")), which this Court adopted in full on September 23, 2024. (See docket entry no. 80 (the "September Order").) Here, the Court restates certain factual allegations and includes amended factual allegations that are relevant to the instant motion practice. All well-pleaded factual allegations are taken as true for the purposes of this motion.

Plaintiff is a former employee of the Defendant. (SAC ¶ 16.) In 2021, Defendant established a COVID-19 vaccine requirement for all employees to prepare for a return to in-person work. (Report at 2; SAC ¶¶ 18, 23-48.) Employees were able to request an exemption for medical or religious reasons. (SAC ¶¶ 18-48, 60-77, 96.) In September 2021, Plaintiff submitted a medical exemption request. (Id. ¶ 19.) In support of this request, Plaintiff submitted a "Tribal Medical Contraindication to Vaccination" document and an "Affidavit for Tribal Medical Contraindication to Vaccine." (Id. ¶¶ 20, 33; see also docket entry no. 89-4.)

On November 24, 2021, Defendant notified Plaintiff that his medical exemption request was denied. (SAC ¶¶ 26-48.) Defendant explained that Plaintiff's request was denied because the documents submitted were not sufficient to support his requested exemption, as the documents referred only to a "possibility of allergic reactions" to the COVID-19 vaccine, not to a current medical condition that rendered him "medically unable" to receive the vaccine. (Id. ¶ 33.) Plaintiff was advised that he had until January 10, 2022,[1] to comply with the vaccine

---

[1] The Second Amended Complaint states that Defendant told Plaintiff he had until January 10, 2021, to receive the vaccine. (SAC ¶ 39.) To make sense chronologically, the Court understands this to be mistyped and assumes that that the relevant date was January 10, 2022. It is unclear if this mistake appeared in the Defendant's email or was the result of a transcription error.

mandate.  (Id. ¶ 39.)

At some point on or before December 9, 2021, Plaintiff requested a religious exemption from the vaccine requirement.  (See id. ¶ 60.)  Plaintiff's request was based on his membership in the Xi-Amaru Tribal Government and his Indigenous Islam religious beliefs which, he represents, prevent him from consuming anything "unnatural, processed, or containing chemicals."  (Id. ¶¶ 70-72.)  On January 12, 2022, Defendant informed the Plaintiff that his religious exemption request was denied.  (Id. ¶ 75.)  Plaintiff refused to get a vaccine, and his employment with Defendant was consequently terminated in 2022.  (Report at 3; SAC ¶ 103.)

Plaintiff's first amended complaint asserted, and was construed to assert, various claims of discrimination under federal, state, and local law.  (See generally docket entry no. 21 ("First Amended Complaint").)  In its September Order adopting Judge Parker's Report, the Court dismissed the First Amended Complaint with prejudice, "except as to the claims under the ADA, the NYSHRL, and the NYCHRL, which [were] dismissed without prejudice to the timely filing of a second amended complaint."  (September Order at 6.)

Plaintiff's discrimination claims under the ADA were dismissed because he had failed to plead sufficient facts to support an inference that he had a disability within the meaning of the statute; his state and city law claims were dismissed for similar reasons. (Report at 11-16.) However, Plaintiff was granted leave to amend these claims because it was "conceivable he [could] add facts describing his alleged allergy and how it limits a major life activity" to satisfy the relevant statutory definitions of disability.  (Id. at 18.)  Plaintiff's Title VII religious discrimination claim was dismissed for failure to exhaust administrative remedies.  (Id. at 9.) The Court found it conceivable, however, that Plaintiff could "replead and set forth facts sufficient to state" religious discrimination claims under state or city law.  (Id. at 16; September

Order at 5-6.)

Plaintiff filed a Second Amended Complaint on October 7, 2024, asserting claims under the ADA, NYSHRL, and NYCHRL, and additional federal claims. (See SAC.) Defendant filed the instant Motion on November 8, 2024; Plaintiff has not filed any opposition papers. (See Motion; docket entry no. 95.)

DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court must "draw all reasonable inferences in [plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014) (citation omitted).

The Court is further obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (emphasis in

original) (internal quotation marks and citations omitted). This "special solicitude" in pro se cases, id. at 475 (citation omitted), however, has its limits—to state a claim, pro se pleadings must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

ADA Claims

The Court construes Plaintiff's Second Amended Complaint as asserting three claims under the ADA: discrimination, failure to accommodate, and retaliation. Each claim is addressed in turn below.

Discrimination and Failure to Accommodate[2]

To establish a prima facie case of disability discrimination under the ADA, an individual must show that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Tillman v. N.Y.C. Dep't of Hum. Res. Admin., No. 20-CV-01153-MKV, 2022 WL 874947, at *5 (S.D.N.Y. Mar. 24, 2022) (citation omitted), aff'd, No. 22-872,

---

[2] In connection with these claims, Plaintiff asserts that Defendant failed to consider his tribal medical documentation in violation of various laws, such as the Religious Freedom Restoration Act ("RFRA") and the Indian Health Care Improvement Act ("IHCA"). (See SAC ¶¶ 99, 102.) To the extent Plaintiff seeks to assert independent claims under RFRA and the IHCA on this basis, such claims are undermined by the content of the Second Amended Complaint itself. The pleading incorporates alleged excerpts of emails from Defendant in which the Defendant states, "We have reviewed the … Tribal Medical Contraindication to Vaccination and … Affidavit for Tribal Medical Contraindication to Vaccine." (Id. ¶ 33; see also id. ¶¶ 62, 75.) These emails, which are part of Plaintiff's pleading, demonstrate that Defendant did review Plaintiff's documents, but found them to be insufficient because, inter alia, they only referred to a "possibility of allergic reactions." (Id. ¶ 33)

2023 WL 2770218 (2d Cir. Apr. 4, 2023). To establish a failure to accommodate claim under the ADA, an individual must show "(1) he is disabled within the meaning of the ADA; (2) his employer is a covered entity; (3) he could perform the essential functions of his job with an accommodation; and (4) the defendants refused to provide such an accommodation despite being on notice." Fox v. Costco Wholesale Corp., 918 F.3d 65, 73 (2d Cir. 2019) (citation omitted).

Under the ADA, a disability is defined, with respect to an individual, as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C.A. § 12012(1)(A)-(C) (Westlaw through P.L. 119-5). A major life activity can include activities such as "caring for oneself, performing manual tasks, seeing, hearing . . . and working[,]" but can also include the "operation of a major bodily function, including . . . functions of the immune system[.]" Id. § 12012(2)(A)-(B). An ADA plaintiff's allegations "must contain sufficient factual support for his or her purported limitations, such as describing in some detail the frequency, duration, or severity of his or her limitations." Perez v. N.Y. Presbyterian/Weill Cornell Med. Ctr., No. 23-CV-6152-CS, 2024 WL 1514216, at *5 (S.D.N.Y. Apr. 8, 2024) (citations omitted).

Plaintiff's initial ADA claims were dismissed, in light of the foregoing statutory standards, for failing to provide enough facts to support a plausible inference that his "alleged allergy to the vaccine" substantially limits a major life activity, such as the ability to work. (Report at 11-15 (gathering analogous case law).) Plaintiff's Second Amended Complaint provides no additional facts to remedy the deficiency. It includes many conclusory statements about his allergy, but provides no factual allegations in support of the existence of such allergy, nor does it specify what he is allergic to. (See SAC ¶ 100 (stating that "vaccines trigger a severe

allergic reaction" due to "Plaintiff's medical contraindication to vaccines").)  Plaintiff provides no factual information about past allergic reactions and fails to proffer any factual information to support the inference that his alleged allergy has substantially limited him in some way.

Plaintiff relies on tribal medical documents that state only that the vaccine "<u>could</u> cause [a] massive allergic reaction[.]" (Docket entry no. 93) (emphasis added)).  Plaintiff even acknowledges in his Second Amended Complaint that, to be eligible for an accommodation under the ADA, "an individual typically needs to provide appropriate medical documentation from a healthcare provider that explains the medical condition, [and] its impact on the individual's daily life or activities[.]"  (SAC ¶ 59.)  However, none of the documentation that Plaintiff provides includes factual information as to how his alleged allergy affects his daily life.  (<u>See</u> docket entry no. 93.)

Plaintiff also argues that Defendant failed to participate in an interactive reasonable accommodation process as required by the ADA.  (<u>See</u> SAC ¶ 103.)  The ADA requires an "'interactive process' by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated."  <u>Monterroso v. Sullivan & Cromwell, LLP</u>, 591 F. Supp. 2d 567, 579 (S.D.N.Y. 2008) (citations omitted).  Plaintiff has failed to provide facts to support his assertion that he has a disability within the meaning of the ADA.  If Plaintiff does not have a disability under the ADA, then Defendant is not obligated to participate in an "interactive process in order to help the employer identify the 'precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.'"  <u>Id.</u>; <u>see</u> <u>also</u> <u>Rodal v. Anesthesia Grp. of Onondaga, P.C.</u>, 369 F.3d 113, 118 (2d Cir. 2004) (citation omitted) (explaining that, to assert a failure to accommodate claim under the ADA, a plaintiff must establish that he or she is a "person with a

disability under the meaning of the ADA"). For these reasons, both Plaintiff's discrimination and failure to accommodate claims fail.

Retaliation

Plaintiff also alleges that Defendant retaliated against him in violation of the ADA. (SAC ¶¶ 103, 106, 144.) Defendant argues that, as a matter of law, Plaintiff's retaliation claim should fail because he has provided no factual support for it. (Docket entry no. 92 ("Def. Mem.") at 11.) Defendant further argues that Plaintiff's employment was terminated because of his failure to comply with the vaccine mandate, not as retaliation for requesting an exemption. (Id.)

Because it is clear from the face of Plaintiff's Second Amended Complaint and his charge of discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") that Plaintiff failed to administratively exhaust his claim of retaliation under the ADA, dismissal of this claim would be warranted on that basis alone. To pursue an ADA claim in federal court, a plaintiff must exhaust administrative remedies through the EEOC, which requires that the plaintiff first file a charge of discrimination with the EEOC. Rosado v. Port Auth. of N.Y. & N.J., No. 22-587, 2024 WL 658776, at *2 (2d Cir. Feb. 16, 2024) (citing, inter alia, Soules v. Connecticut, 882 F.3d 52, 57 (2d Cir. 2018)); see also Anderson v. City of New York, 712 F. Supp. 3d 412, 426 n.6 (S.D.N.Y. 2024) (explaining that, although administrative exhaustion in the ADA context is not a jurisdictional prerequisite, a court should grant a motion to dismiss if non-exhaustion "is clear from the face of the complaint (and incorporated documents)" (citations omitted)).

In her Report, Judge Parker construed Plaintiff's EEOC charge as including a claim of disability discrimination under the ADA based on the narrative Plaintiff included in the

charge and because Plaintiff checked off a box listing "Genetic Information" as the basis of his discrimination claim. (Report at 8-9; docket entry no. 89-1 ("EEOC Charge").) Having construed Plaintiff's EEOC charge to include this claim, and because Plaintiff filed the instant action within ninety days of receiving a notice of right to sue from the EEOC, Judge Parker deemed the ADA discrimination claim to be properly exhausted. (Report at 8). Plaintiff did not, however, check the box listing "Retaliation" as a potential basis for discrimination, and Judge Parker did not otherwise construe Plaintiff's EEOC charge as including a claim for retaliation. (See EEOC Charge; see generally Report.) The Court finds no basis to do so at this juncture. See, e.g., Mercer v. ViacomCBS/Paramount, No. 22-CV-6322-LGS, 2024 WL 3553133, at *3-4 (S.D.N.Y. July 26, 2024) (finding failure to exhaust based upon a substantively similar EEOC charge where plaintiff also did not select the box for retaliation on the charge).

Even if the Court were to reach the merits of Plaintiff's retaliation claim, dismissal of the claim would nevertheless be appropriate. To state a retaliation claim under the ADA, a plaintiff must show that "(1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

Although Plaintiff has sufficiently established the first three elements of an ADA retaliation claim, having alleged that his request for, inter alia, a medical accommodation from Defendant's mandatory COVID-19 vaccination requirement resulted in his termination (see SAC ¶¶ 103, 106), Plaintiff's claim fails as to the fourth element because he has not provided any factual allegations to plausibly support the inference that his termination was causally related to the exemption request, rather than his failure to comply with the existing vaccine mandate. It

would be "unreasonable to infer" that enforcing a policy that "predated Plaintiff's alleged protected activity, and that was applied equally to all of Defendant's employees[,]" is causally connected to the exemption request and retaliatory in nature. Linne v. Alameda Health System, No. 22-CV-04981-RS, 2023 WL 375687, at *3 (N.D. Cal. Jan. 24, 2023) (citation omitted). Plaintiff has consequently failed to state a claim of retaliation under the ADA. Defendant's motion to dismiss Plaintiff's claims under the ADA is therefore granted.

OSHA Claim

Read liberally, the Second Amended Complaint appears to claim that Defendant violated OSHA guidelines, standards, or regulations. (See SAC ¶ 110 (alleging "Defendant violated OSHA Violations [sic]").) Plaintiff's claim fails, because OSHA does not authorize such a private claim. Gaughan v. Rubenstein, 261 F. Supp. 3d 390, 418 n. 3 (S.D.N.Y. 2017) (explaining that "OSHA does not provide for a private right of action for employees in federal court" (citations omitted)). Rather, enforcement of OSHA is the "sole responsibility of the Secretary [of Labor.]" Jacobsen v. N.Y.C. Health & Hosps. Corp., No. 12-CV-7460-JPO, 2013 WL 4565037, at *7 (S.D.N.Y. Aug. 28, 2013) (citations omitted). Accordingly, Plaintiff's OSHA claim must be dismissed.

CDC Claim

Plaintiff also alleges that Defendant "violated CDC Violation [sic]" by failing to provide "reasonable accommodation" and failing to "tak[e] caution with the people with contraindication." (SAC ¶ 111.) As with his OSHA claim, Plaintiff does not specify the CDC regulations or guidelines to which he is referring, nor does he provide factual allegations

demonstrating that Defendant violated any CDC guidelines at all. His Second Amended Complaint fails to state a claim for these reasons alone.

Furthermore, to the extent Plaintiff intended to assert that Defendant failed to follow CDC guidance concerning COVID-19, this guidance was meant to serve as recommendations, not "mandates or dictates, … laws, rules, or regulations" that had the force of law. HC2, Inc. v. Delaney, 510 F. Supp. 3d 86, 98-99 (S.D.N.Y. 2020). "As a result, failing to follow CDC guidelines does not create a private right of action that can be pursued before a court." Mercer, 2024 WL 3553133, at *7. Plaintiff's Second Amended Complaint therefore provides no legal or factual basis for a potential claim upon which relief may be granted with respect to CDC compliance. For this reason, Plaintiff's CDC-referenced claim must also be dismissed.

GINA Claim

Plaintiff claims that Defendant violated GINA by asking for Plaintiff's genetic history to discriminate against him. (SAC ¶ 112.) The September Order dismissed all GINA claims with prejudice (see September Order at 4, 6), so this claim need not be addressed again.

Leave to Amend Denied

District courts generally grant pro se plaintiffs an opportunity to amend a complaint to cure its defects, but leave to amend is not required when it would be futile. See Hill v. Curcione, 657 F.3d 116, 122-24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In this action, Plaintiff has already been granted an opportunity to amend with instructions as to how to cure the defects of his First Amended Complaint, which he has failed to

do.  Plaintiff neither opposed the instant motion to dismiss, nor requested a further opportunity to amend his complaint.  Overall, Plaintiff has not demonstrated that granting leave to further amend would not be futile.  Therefore, leave to amend his federal claims is denied.

State and City Law Claims

Plaintiff's Second Amended Complaint also asserts claims under the NYSHRL and NYCHRL.  (SAC ¶¶ 147-154.)  A district court may decline to exercise supplemental jurisdiction of state and local law claims when it "has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C.A. § 1367(c)(3) (Westlaw through P.L. 119-5).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Because all of Plaintiff's federal claims are dismissed, this Court declines to exercise supplemental jurisdiction of Plaintiff's state and local law claims and dismisses them without prejudice to litigation in a forum of competent jurisdiction.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Second Amended Complaint is granted in its entirety.  Plaintiff's federal claims are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state and local law claims, dismissing such claims without prejudice.

The Court certifies under 28 U.S.C. section 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the

purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment accordingly, terminate all pending motions, and close this case.

SO ORDERED.

Dated: New York, New York
April 29, 2025

     /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge